400 F.2d 572
 BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, Plaintiff-Appellant,
v.
LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant-Appellee, and
Brotherhood of Locomotive Engineers, Intervening Defendant-Appellee.
B. A. TURNER et al., and Brotherhood of Locomotive Firemen and Enginemen, Plaintiffs-Appellants,
v.
LOUISVILLE AND NASHVILLE RAILROAD COMPANY and Brotherhood of Locomotive Engineers, Defendants-Appellees.
 No. 17588.
 No. 18479.
 United States Court of Appeals Sixth Circuit.
 August 28, 1968.
 Certiorari Denied January 20, 1969.
 
 See 89 S.Ct. 689.
 Alex Elson, Chicago, Ill., for appellants; Harold C. Heiss, Russell Day, Heiss, Day & Bennett, Cleveland, Ohio, Robert E. Hogan, Louisville, Ky., Herbert L. Segal, Segal, Isenberg, Sales & Stewart, Louisville, Ky., Willard J. Lassers, Aaron S. Wolff, Elson, Lassers & Wolff, Chicago, Ill., on brief.
 John P. Sandidge, Louisville, Ky., and Harold A. Ross, Cleveland, Ohio, for appellees; John P. Sandidge, Woodward, Hobson & Fulton, H. G. Breetz, M. D. Jones, Eugene W. Herde, Louisville, Ky., Richard T. Conway, Shea & Gardner, Washington, D. C., on brief for L & N RR; Harold A. Ross, Ross & Kraushaar, Cleveland, Ohio, Charles I. Dawson, Richard W. Iler, Bullitt, Dawson & Tarrant, Louisville, Ky., on brief for Brotherhood of Locomotive Engineers.
 Before McCREE and COMBS, Circuit Judges, and McALLISTER, Senior Circuit Judge.
 COMBS, Circuit Judge.
 
 
 1
 These appeals are taken from the District Court's action dismissing the complaint of plaintiff-appellant, Brotherhood of Locomotive Firemen and Enginemen (hereinafter referred to as Firemen's union) in two different suits stemming from alleged violation of the Railway Labor Act. The first suit was brought against the Louisville and Nashville Railroad Company (hereinafter referred to as L&N), with the Brotherhood of Locomotive Engineers (hereinafter referred to as Engineers' union) intervening as defendant. The second suit was brought by the Firemen's union and certain individual members against the L&N and the Engineers' union. Since both suits arose out of the same factual background, they were consolidated on this appeal. The general background is as follows.
 
 
 2
 The Firemen's union represents the overwhelming majority of firemen on the nation's railroads. Due to advances in railroad technology over the last half century, most trains do not, and have not for some time, required the services of firemen as such. With the advent of diesel and electric locomotives, the need for someone to "fire the boilers" has been eliminated. The continued use of firemen (now called helpers) on locomotives has been justified for several reasons. For example, they serve as a lookout, perform some mechanical tasks, relieve the engineer, and are a source of future engineers.
 
 
 3
 Involved in these cases is the status of firemen as future engineers. Formerly, virtually all engineers started out as firemen. The Firemen's union contracts with all railroads, including the L&N, have long contained a provision whereby firemen could be promoted to engineer. The Firemen's union construes this provision to mean that, after three years' road experience and the successful completion of mechanical tests given by the company, a fireman is eligible for promotion to engineer. Also, that engineers may be acquired from other sources only when no firemen are available. The L&N does not take such a restrictive view of this provision, arguing that it merely provides a procedure whereby firemen may become engineers rather than serving as a limitation on the procurement of engineers.
 
 
 4
 In April, 1966, L&N established in conjunction with the Engineers' union a training program for "apprentice engineers." An agreement between L&N and the Engineers' union set the compensation for these trainees. The program has no connection with the contract procedure for advancing firemen to engineers and, according to L&N, was initiated only to supplement the number of engineers obtainable from the ranks of firemen. The Firemen's union claims that the program violates the bargaining agreement.
 
 
 5
 In case No. 17,588, the Firemen's union seeks to invoke Section 2, Seventh of the Railway Labor Act, which reads:
 
 
 6
 "No carrier, its officers, or agents shall change the rates of pay, rules, or working conditions of its employees, as a class, as embodied in agreements except in the manner prescribed in such agreements or in Section 156 of this title."
 
 
 7
 Section 6 of the Act provides, among other things, for the orderly adjustment of disputes and bargaining differences under the auspices of the National Mediation Board. The Firemen's union contends that, in establishing the apprentice engineers program, L&N changed a rule embodied in the collective bargaining agreement without following the procedures of Section 6. In this action, the Firemen's union seeks to enjoin L&N from carrying on the apprentice training program and to vacate any promotions made through the program. The Engineers' union was permitted to intervene as a defendant. The District Court dismissed the complaint on the ground that it lacked jurisdiction to entertain the suit. We affirm.
 
 
 8
 The Railway Labor Act is a comprehensive statutory plan for resolving disputes between transportation companies and their employees. The Act looks toward the orderly resolution of disputes and sets up procedures whereby this goal may be accomplished. One of the things condemned by the Act is unilateral action by a party to an agreement which has the effect of changing the status quo established by the agreement. A United States District Court has jurisdiction to enjoin such action. Texas & N. O. R. Co. v. Brotherhood of Ry., etc., Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034 (1930).
 
 
 9
 However, there are certain types of disputes encompassed by the Act which may not be resolved by the courts. One of these is a representation or jurisdictional dispute between labor unions. Switchmen's Union, etc. v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943); General Committee, etc. v. M.-K.-T. R. Co., 320 U.S. 323, 64 S.Ct. 146, 88 L.Ed. 76 (1943); General Committee, etc. v. Sou. Pac. Co., 320 U.S. 338, 64 S.Ct. 142, 88 L.Ed. 85 (1943). Congress has conferred exclusive jurisdiction upon the National Mediation Board to resolve such disputes.[1] Section 2, Ninth of the Railway Labor Act, 45 U.S.C. § 152.
 
 
 10
 In the M.-K.-T. R. Co. case, supra, a jurisdictional dispute within the meaning of the Act was defined as "an asserted overlapping of interest of two crafts" necessitating a determination of the point where the authority of one craft ends and the other begins. The Supreme Court said, "Congress did not attempt to make any codification of rules governing these jurisdictional disputes" 320 U.S. 323, 335, 64 S.Ct. 146, 151.
 
 
 11
 A similar problem was presented to this Court in Brotherhood of Railway & S. S. Clerks, etc. v. United Air Lines, Inc., 325 F.2d 576 (6th Cir. 1963), cert. granted, 377 U.S. 903, 84 S.Ct. 1163, 12 L.Ed.2d 175 (1964), cert. dismissed as improvidently granted, 379 U.S. 26, 85 S. Ct. 183, 13 L.Ed.2d 173 (1964). In that case, Capital Airlines merged with United Air Lines. The appellant union had a collective bargaining agreement with Capital. The former Capital employees were grouped, after merger, with a much larger group of United employees, most of whom were non-union, the remainder being represented by the International Association of Machinists. The Brotherhood filed suit, seeking a declaration that the contract survived the merger and that it still represented the former Capital employees.
 
 
 12
 This Court pierced the technical issues of pleading in United Air Lines, and held that the case involved a representation dispute which fell within the exclusive jurisdiction of the National Mediation Board.
 
 
 13
 The Firemen's union contends it was error to permit the Engineers' intervention. Under our view of the case, it is apparent that the Engineers' union was properly permitted to intervene under Rule 24(a) (2), Federal Rules of Civil Procedure. Other arguments and contentions of appellant are similarly without merit.
 
 
 14
 The complaint in the second case, No. 18,479, alleged that L&N and the Engineers' union had violated Section 2 Third and Fourth of the Railway Labor Act. Briefly stated, these sections guarantee carrier employees the right to organize and bargain collectively through a representative of their own choice. They also prohibit the carrier or anyone else from influencing, coercing, or otherwise interfering with the free choice of a bargaining representative.
 
 
 15
 The Firemen's union contends that L&N and the Engineers' union are working together to influence prospective firemen to join the Engineers' union with the goal of eventually ousting the Firemen's union as bargaining representative of L&N firemen. It is said that apprentice engineers are being influenced to join the Engineers' union and are moving into firemen's jobs when not working as engineers. The Firemen's union seeks to enjoin the appellees from interfering with the free choice of bargaining representatives and, more importantly, to end the apprentice engineers program.
 
 
 16
 The District Court dismissed the complaint, concluding that "this case concerns the same subject matter and same relief heretofore denied by this Court in Civil Action No. 5402 [No. 17,588] * * *"
 
 
 17
 It is clear that the second case is another attempt to have this jurisdictional dispute between two unions litigated in federal court. The rule is plain: Jurisdictional disputes between labor organizations governed by the Railway Labor Act are within the exclusive jurisdiction of the National Mediation Board.
 
 
 18
 The judgment of the District Court dismissing the complaint in each case is affirmed.
 
 
 
 Notes:
 
 
 [1]
 It is noted that the United States District Court for the District of Columbia has recently ordered the National Mediation Board to hear this dispute, the Board having originally declined to assume jurisdiction. Brotherhood of Locomotive Engineers v. National Mediation Board, 284 F.Supp. 344 D.D.C., April 26, 1968